RALPH H. SEAVEY *vs.* ISAAC C. COFFIN.

*Statute of limitations—bars suit against indorser of witnessed note.*

An action against the indorser of a promissory note is not within the exception of witnessed notes; and the general limitation of six years, duly pleaded, will defeat such action.

ON FACTS AGREED.

This case, as made by the parties, was submitted to the whole court, under the provisions of R. S., c. 77, § 14.

The writ is dated August 12, 1874. The plaintiff declares against the defendant as indorser of a certain promissory note dated April 12, 1859, payable to the order of the defendant, in six months, and by him indorsed to the plaintiff. To the signature of the maker, there was an attesting witness. The note was indorsed by the defendant "waiving demand and notice."

If the plaintiff's action is barred by the statute of limitations, he is to become nonsuit; if it is within the exception of the statute, the note sued on being a witnessed note, the defendant is to be defaulted.

*R. A. Treat* for the plaintiff.

*Wales Hubbard* for the defendant.

APPLETON, C. J. The limitation of six years when duly pleaded, is a bar to any action on a promissory note, unless it is one "signed

in the presence of an attesting witness." R. S., 1857, c. 81, § 97, re-enacted by R. S., 1871, c. 81, § 83.

The giving of a note is one thing. Its indorsement is another, and very different thing. The attestation of a note is all to which the statute refers. The indorsement pre-supposes a perfected instrument—that is, a promissory note. It always takes place subsequent to the existence of the note. It is a new and different contract from that of the note, which it transfers. An unattested indorsement is neither within the language nor the spirit of the statute, which excepts attested promissory notes from the general limitation of six years as applicable to personal contracts.

*Plaintiff nonsuit.*

CUTTING, WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.